1 | Barry P. King, Esq. (State Bar No. 53890)
LAW OFFICES OF BARRY P. KING
2 | 232 North Canon Drive, First Floor
Beverly Hills, California 90210
3 | Tel:    (310) 277-0420
Fax:    (310) 277-0490
4 | E-Mail: barrypking@kingslaw.org+

5 | *Attorney for Plaintiff:*
Ian Campbell, (Deceased);  Mary Casamento as Successor Trustee of the Ian Campbell
6 | Revocable Trust dated August 12, 2011

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | IN RE:                                     )     Case No. **1:10bk-24968-GM**
                                           )     **ADV NO. 1:11-ap-01181-GM**
12 | GLEN E. PYLE,                         )
                                           )
13 |          *Debtor.*                     )     **THIRD AMENDED COMPLAINT**
                                           )     **FOR NON-DISCHARGEABILITY**
14 | _____ )     **AND/OR TO DENY BANKRUPTCY**
     IAN CAMPBELL,                         )     **DISCHARGE; ALTER EGO; AND**
15 |                                        )     **FOR DAMAGES**
              *Plaintiff,*                  )
16 |                                        )     **[11 U.S.C. §§523(a)(2), 523(a)(4); 11**
          vs.                              )     **U.S.C. §727 (a)(2)(A,B); 11 U.S.C.**
17 | GLEN PYLE                             )     **§727(4)(c)]**
                                           )
18 |                                        )
              *Defendant.*                  )
19 | _____ )

20 |         The Estate of Ian Campbell  ("CAMPBELL TRUST") in place and stead of  Ian

21 | Campbell, a Deceased Individual, for its Third Amended Complaint for Determination that

22 | Debt is Non-dischargeable and to deny dischargeability pursuant to United States Code

23 | Sections 523 and 727, on information and belief alleges as follows:

24 |                                     **PARTIES**

25 |         1.    At all times mentioned herein, IAN CAMPBELL ("CAMPBELL"), was a

26 | resident of the State of California, County of Los Angeles.

27

28

1

2      On or about June 8, 2018, CAMPBELL passed away.  CAMPBELL was the Trustee of the Ian Campbell Revocable Trust dated August 12, 2011. ("CAMPBELL TRUST")  The Successor Trustee of the CAMPBELL TRUST is Mary Casamento.  The CAMPBELL TRUST is authorized by the terms of that trust to maintain this action on behalf of the Estate of Ian Campbell.

3.      Defendant, GLEN PYLE, ("PYLE") is an individual residing in the State of California, County of Los Angeles and the Trustee of the PYLE IRREVOCABLE TRUST ("PYLE TRUST").  The PYLE TRUST is alleged by PYLE to be duly organized and exists under and by virtue of the laws of the State of California.

4.      Defendant Pyle is an individual residing in the State of California.  Pyle is the only Debtor in the above-styled bankruptcy case.

5.      MARC H. BERRY ("BERRY") is a creditor of the Debtor in this proceeding, and the Plaintiff in an adversary proceeding entitled "Marc H. Berry, an individual, Plaintiff vs. Glen Pyle, Sweetwater Management Company, Inc., Glen E. Pyle Irrevocable Trust, and Does I - V, Defendants", Adversary Number 1:11-ap-01180-GM ("BERRY ADVERSARIAL ACTION").

## JURISDICTION AND VENUE

6.      This Court has jurisdiction of the Amended Complaint pursuant to Sections 157(b)(1) and 1334(b) of Title 28 of the United States Code; 11 U.S.C. §523 (actions to hold a debt non-dischargeable) and 11 U.S.C. §727 (actions to deny discharge);

7.      The Central District of California is the proper Venue for the Amended Complaint under Section 1409(a) of Title 28 of the United States Code.

8.      The Amended Complaint is a core proceeding under Section 157(b)(2) of Title 28 of the United States Code.

//

//

2

## FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION

9.    In or about June 16, 2005, PYLE, individually and as Trustee of the PYLE TRUST, entered into an Agreement with CAMPBELL, wherein CAMPBELL agreed to loan to the PYLE TRUST, the sum of eighty-one thousand thirteen dollars ($81,013.00) with an interest rate equal to that charged to CAMPBELL for his line of credit associated with the loan ("LOAN").  Additionally, PYLE by acting as an individual and as Trustee for the PYLE TRUST agreed to pay any charges associated with the loan as well as the repayment of the loan.  The Agreement explicitly required the PYLE TRUST to repay the $81,013.00, plus any charges or interest due for the cost of the loan, or the cost to collect the same.  (A true and correct copy of the Agreement is attached as Exhibit "A" to the Second Amended Complaint that is on file in this proceeding, and incorporated by reference herein).

10.    In addition to the June 16, 2005 Agreement, as aforementioned, the PYLE TRUST as well as PYLE, individually, entered into yet an additional Agreement with CAMPBELL to receive a further loan for $10,000.00 for the purpose of hiring an attorney to help the PYLE TRUST avoid a foreclosure on the PYLE TRUST property which was the a principle part of the security (real property) upon which CAMPBELL had extended the LOAN or LOANS. (for clarity, both Loans may be referred to as "LOANS")

11.    Pursuant to each of the LOANS, the PYLE TRUST and/or PYLE were to make timely payments and pay in full, when due or upon demand no later than four (4) months of entering into the LOANS.

12.    CAMPBELL performed all of his obligations to the PYLE TRUST as well as PYLE, individually under the terms of the Agreements.  That notwithstanding, neither PYLE nor the PYLE TRUST has ever repaid any part of the sums that were owing to CAMPBELL and continue to be owed to the Estate of Ian Campbell.

//

//

3

1

2    ***Campbell's Action against Pyle in the Los Angeles Superior Court***

3

4    13.    PYLE and CAMPBELL shared a close friendship prior to the time that

5    CAMPBELL extended the loans to PYLE.  At one time, by way of example CAMPBELL

6    himself  manned PYLE'S store while PYLE was purportedly incarcerated.  The inception of

7    the June 16, 2005 debt upon which the Pyle LOANS are based, was for PYLE to

8    presumably pay his child support obligations which were severely in arrears,  or in the

9    alternative, according to PYLE's various importunities then delivered to CAMPBELL, his

10    real estate taxes urgently due on one of the parcels owned by the PYLE TRUST. (APN

11    2544–010-008)  In any event, PYLE's  loan proceeds *were never applied to either of those*

12    *stated [urgent] purposes*, which Plaintiff alleges was never PYLE'S intention from the

13    outset.

14    14.    CAMPBELL questioned PYLE week after week about repayment, after the

15    due date of four months came and went.  PYLE continued to make excuses to CAMPBELL

16    including his vague reference to  "problems with the Trust."  PYLE assured CAMPBELL

17    that "he would obtain a reverse mortgage" or sell one of his properties or gun collection, all

18    of which was never intended by PYLE, but simply expressed to further  put CAMPBELL

19    off.

20    15.    CAMPBELL, by July, 2008 was obliged to initiate an action in Los Angeles

21    Superior Court for ***fraud and collection of the debt*** against PYLE.  PYLE never responded

22    and a default was subsequently taken. (L.A.S.C. Case No. BC 416 642)

23    16.    CAMPBELL pursued the Los Angeles Superior Court Action until his death,

24    June 8, 2018.  Subsequently thereafter, Campbell's  Estate appointed BARRY P. KING

25    ("KING") as legal representative to secure a Judgment against PYLE.  On September 6,

26    2018 a Judgment was entered in the Los Angeles Superior Court case ( *"Ian Campbell;*

27    *Estate of Ian Campbell v. Pyle Irrevocable Trust and Glen Pyle,* Case No. BC 416442).  A

28

4

1    Judgment in the amount of $154,342.58 was entered against Glen Pyle and the Pyle

2    Irrevocable Trust by the Court. (See Exhibit "A") hereto.

3              ***Pyle is the Alter Ego of the Pyle Irrevocable Trust***

4              17.     Plaintiff is further informed and upon such information and belief alleges:

5              (a)     At all times relevant, Defendant PYLE was the alter ego of the PYLE

6    IRREVOCABLE TRUST and "Sweetwater Management Company, Inc.," as well as

7    "Sweetwater Management L.L.C." (hereafter both collectively "SWEETWATER")  Pyle,

8    individually was an insider as set forth in  11 U.S.C. §727 (a)(7) with respect to the PYLE

9    TRUST of which he was both the *settlor and the trustee*.  In addition, PYLE individually

10   was also an insider of SWEETWATER as defined by 11 U.S.C. §727 (a)(7), even though

11   SWEETWATER was not a party to the Agreements as aforementioned, it is nevertheless

12   evidence of PYLE's pattern of deception and fraud as to other creditors including BERRY.

13             (b)     The PYLE TRUST was created on or before the time of the LOANS

14   that were extended to PYLE by Plaintiff.

15             (c)     The creation of the PYLE TRUST was made for the fraudulent

16   purpose of the deception and avoidance of PYLE'S creditors that subsequently included  the

17   Plaintiff.

18             (d)     The PYLE TRUST was at all times a mere extension of Defendant

19   PYLE.  The only assets of the PYLE TRUST were derived from PYLE, individually.  The

20   PYLE TRUST has not reported taxable income for state or federal purposes both prior to

21   the date of the commencement of this adversarial action, or anytime thereafter, to and

22   including the present.  The PYLE TRUST is a mere shell for the use of PYLE, individually

23   to escape liability for his debt to the Plaintiff and other creditors including, but not limited

24   to BERRY.  In addition, PYLE has individually benefitted from his use and control of the

25   PYLE TRUST by living in the property owned by his Trust, rent free.  PYLE falls within

26   the definition of an insider both for purposes of 11 U.S.C. §548(a)(1), (B)(IV) as well as 11

27   U.S.C. §727(a)(7).  PYLE, individually made all such transfers of real property and liquid

28

5

1  assets into the TRUST and SWEETWATER, for his own personal benefit so as to avoid

2  creditors including the Plaintiff.

3      (e)    Pursuant to federal law, the PYLE TRUST was and is invalid because

4  PYLE'S purpose in creating it was to defraud his creditors. (*In re Alexis Schwarzkopf* (9th

5  Cir 2010, No.8-56-974, 8-57026). [See also Calif.Probate Code §15203]. ["A trust may be

6  created for any purpose that is not illegal or against public policy."

7      (f)    PYLE is therefore the alter ego of the PYLE TRUST as well as being

8  an insider as aforementioned.

9   18.    There exists such a unity of interest and ownership of the PYLE TRUST and

10  the individual PYLE that the individuality, or separateness of both the PYLE TRUST on the

11  one hand and PYLE has ceased, if it ever existed at any time

12  19.    Adherence to the fiction of the separateness of the PYLE TRUST on the one

13  hand and PYLE as an individual on the other would perpetrate a fraud and promote

14  injustice.

15  20.    Plaintiff is informed and believes, and thereon alleges that PYLE and the

16  TRUST, as well as SWEETWATER, combined funds and assets and failed to segregate

17  such funds and assets.  In addition, Plaintiff alleges that PYLE treated the TRUST as his

18  own and disregarded legal formalities (including but not limited to the failure to file tax

19  returns up to the present) as well as maintaining arm's length relationships.  This further

20  supports Plaintiff's allegation(s) that PYLE individually was and is an "insider" of the

21  PYLE TRUST and SWEETWATER.

22  ***Pyle's Scheme to Defraud Campbell and other Creditors***

23  21.    In or about April, 1999 an action was commenced by BERRY against PYLE

24  in the Los Angeles Superior Court (L.A.S.C. Case No. 99C00380) for recovery of money. A

25  Judgment in favor of BERRY became final as of August 7, 2000.

26  22.    On or about August, 2000, PYLE established the PYLE TRUST for the

27  purpose of avoiding his then existing creditors, including BERRY.  Soon thereafter, PYLE

28

6

1   transferred two parcels of real estate, which substantially comprised his entire assets into the

2   newly created PYLE TRUST.  Plaintiff is informed and believes that the creation of the

3   PYLE TRUST was to not only avoid the BERRY Judgment, but to deceive and avoid other

4   creditors both present and future, including Plaintiff.

5       23.    In or about August 2000, or soon thereafter, PYLE transferred at least two

6   parcels of real property into the PYLE TRUST which substantially comprised PYLE'S sole

7   assets. In addition, Plaintiff is informed and believes that in March, 2001 PYLE conveyed a

8   Deed of Trust in one of his real properties to secure a $175,000.00  "manufactured"

9   obligation to SWEETWATER MANAGEMENT, another of PYLE'S newly concocted

10  entities for the purpose of minimizing the visible equity in that real property.  Again,

11  Plaintiff alleges that this was done in furtherance of PYLE'S scheme and practice of

12  avoiding existing creditors as well as shielding himself individually from future debt

13  including the Plaintiff.

14      24.    Plaintiff is further informed and believes and thereon alleges  that on the date

15  of the aforementioned conveyances, creditors other than BERRY had outstanding claims

16  against PYLE for which PYLE was indebted and that the aforementioned conveyances were

17  made by Defendant PYLE specifically to avoid, hinder, delay defraud or some combination

18  thereof the collection efforts of all of his then existing creditors' claims.  Furthermore the

19  true purpose of the above-mentioned conveyances were hidden from his then existing

20  creditors as well as would ultimately be concealed from CAMPBELL.

21      25.    Plaintiff is informed and believes and thereon alleges that the transfers were

22  made as part of an overall scheme and design by PYLE to avoid such creditors that existed

23  then, as well as any future creditors including Plaintiff CAMPBELL.

24

25                          **FIRST CAUSE OF ACTION**

26          **FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(2)**

27

28

7

26.   Plaintiff realleges and hereby incorporates by reference paragraphs 1 through 21 of the Third Amended Complaint as though fully set forth herein.

27.   Plaintiff alleges that the PYLE TRUST was and is invalid *ab initio* since it was formed for an illegal purpose and PYLE made an intentional and material misrepresentation(s) to CAMPBELL, to wit that he [PYLE] was the Trustee of a valid trust that legally held title to certain real property in order to induce CAMPBELL to make loans to the PYLE TRUST.  PYLE intentionally omitted, and therefore misrepresented his true financial position by not disclosing to CAMPBELL either his previous debt to BERRY (and others) as well as BERRY'S Judgment in the Los Angeles Superior Court, in addition to the fact that PYLE formed the PYLE TRUST to avoid the BERRY Judgment, as well as other creditors in the year 2000.  Further, PYLE did not disclose the fact that the PYLE TRUST in 2001 had granted a bogus Deed of Trust for $175,000.00 in favor of SWEETWATER, a company over which he had total control and which on its face reduced the equity in the property that CAMPBELL believed secured his LOAN.

28.   CAMPBELL relied upon all of PYLE'S statements to his detriment.  Further to CAMPBELL'S detriment, PYLE made material representations to CAMPBELL regarding the application of revenue derived from the real property alleged to be legally held by the PYLE TRUST.  Specifically, PYLE alleged that the real property paid a sufficient amount each month to pay the debts owed to CAMPBELL and that the revenue would, in fact, be used for the repayment of the debt owed to CAMPBELL.

29.   Plaintiff alleges that the revenue from the Trust real property was, in fact, misapplied and misappropriated by PYLE, individually and to the detriment of CAMPBELL and other creditors.  PYLE'S misrepresentation that the revenue from the real properties was yet another intentional misrepresentation of PYLE upon which CAMPBELL reasonably relied to his detriment in making the LOANS.  Such representations by PYLE, individually were fraudulent because he knew that he never intended to use the revenue from the properties for the prepayment of CAMPBELL's LOANS, or any creditor for that

8

1   matter, but instead intended all along to siphon off the revenue if any, for himself and his

2   own personal use.  As such, PYLE'S conduct renders the debt to CAMPBELL non-

3   dischargeable under 11 U.S.C. §523 (a)(2)(A).

## SECOND  CAUSE OF ACTION

### FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(4)

7       30.    Plaintiff re-alleges and hereby incorporates by reference paragraphs 1 through

8   29 of the Third Amended Complaint as though fully set forth herein.

9       31.    Since the representations by PYLE, individually to CAMPBELL that he was

10  going to use the revenue from the property to repay the PYLE TRUST LOANS each month

11  were fraudulent, since he knew that he never intended to use the revenue for himself and his

12  own personal use, the debts are non-dischargeable under 11 U.S.C. §523 (a)(4) [for fraud or

13  defalcation while acting in a fiduciary capacity, embezzlement, or larceny] because PYLE

14  had a fiduciary ob ligation to the PYLE TRUST and its creditors, as its Trustee.

## THIRD  CAUSE OF ACTION

### FOR DENIAL OF DISCHARGE UNDER 11 U.S.C. §727

17      32.    Plaintiff re-alleges and hereby incorporates by reference paragraphs 1 through

18  31 of the Third Amended Complaint as though fully set forth herein.

19      33.    Plaintiff alleges that in the BERRY ADVERSARIAL ACTION, it has been

20  brought to the attention of the Court and Bankruptcy Trustee that there are three (3) real

21  properties in the PYLE TRUST that were fraudulently transferred by the Debtor for the

22  purpose of, *inter alia*, defrauding creditors.

23      34.    Furthermore, those findings are supported by other known facts:

24      (a)    PYLE is the Trustee of the PYLE TRUST however no tax returns have

25  ever been filed on behalf of the PYLE TRUST since its inception in the year 2000;

26      (b)    neither PYLE nor the PYLE trust have filed tax returns in the six years

27  preceding the date of filing hereof;

28

1          (d)     the PYLE TRUST was formed in 2000 shortly after BERRY received

2  a Judgment in the Los Angeles Superior Court against PYLE, individually;

3          (e)     PYLE, as alleged heretofore is in sole management and control and

4  therefore the alter ego  of the  PYLE TRUST and SWEETWATER, both of which were

5  presumably created to avoid the obligation to BERRY and other creditors, as well as a plan

6  to shield PYLE from further exposure to CAMPBELL, who was never informed of these

7  facts.

8         35.    At least one real property in the PYLE TRUST is still receiving rental income

9  but the Debtor has not adequately disclosed financial documents and records, nor has a

10  complete accounting been provided to the Court or U.S. Trustee, despite the fact that all of

11  those tasks have been previously ordered by this Court.  As a result, the Debtor is not

12  entitled to a discharge under the provisions of 11 U.S.C. §727 since PYLE has concealed,

13  destroyed, mutilated, falsified, failed to keep or preserve any recorded information,

14  including books, documents, records and papers from which the Debtor's financial

15  condition or business transactions might be ascertained, unless such act or failure to act was

16  justified under all the circumstances of the case.

17         36.    In addition, PYLE has transferred, removed, destroyed, mutilated or

18  concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed

19  property of the estate, after the date of the filing of the Petition with the intent to hinder,

20  delay or defraud a creditor or an officer of the estate charged with custody of property under

21  this Title.

22         37.    Additionally, as the April 10, 2012 findings by this Court make clear, PYLE

23  has possibly concealed, destroyed, mutilated, falsified or failed to keep or preserve any

24  recorded information, including books, documents, records, and papers from which the

25  Debtor's financial condition or business transactions might be ascertained, unless such act

26  or failure to act was justified under all the circumstances of this case.

27

28

10

38.     As previously alleged, PYLE is the alter ego of the PYLE TRUST AND

SWEETWATER, both entities which are solely under his management and control, and

whose records have not been forthcoming to this Court.  As such, PYLE falls within the

definition of an "insider" both for purposes of 11 U.S.C. §548(a)(1), (B)(IV) as well as 11

U.S.C. §727(a)(7).  PYLE, individually made all such transfers of real property and liquid

assets into the TRUST and SWEETWATER, for his own personal benefit so as to avoid

other past creditors and subsequently including the Plaintiff.

39.     Finally, based upon all of the allegations above, Plaintiff alleges that PYLE

has knowingly and fraudulently, in or in connection with this case, made a false oath or

account and withheld from an officer of the estate entitled to possession under this title, any

recorded information, including books, documents, records, and papers relating to the

debtor's property or financial affairs, in addition to disobeying a lawful order of this Court

to produce such records.

## FOURTH  CAUSE OF ACTION

## ALTER EGO

40.     Plaintiff re-alleges and hereby incorporates by reference paragraphs 1 through

39 of the Third Amended Complaint as though fully set forth herein.

41.     Defendant PYLE is the alter ego of the PYLE TRUST and an insider of the

Trust for purposes of 11 U.S.C. §548(a)(1), (B)(IV) as well as 11 U.S.C. §727(a)(7). The

Trust is a self-styled trust or similar device.

42.     There exists such a unity of interest and ownership of the individual PYLE

Defendant that the individuality, or separateness, of the Trust has ceased, if it ever existed.

43.     Adherence to the fiction of the separateness of the PYLE TRUST and PYLE,

individually would perpetrate a fraud and/or promote injustice.

**WHEREFORE**, Plaintiff prays for relief as follows:

*On the First Cause of Action*:

11

1        1.     That the Court enter an Order determining that PYLE's indebtedness to

2 CAMPBELL arising from the loans identified above and the resulting lawsuit *Ian Campbell*

3 *vs. Glen Pyle, Trustee of the PYLE TRUST and Glen Pyle, Individually* (Los Angeles

4 Superior Court Case No. BC 416 442 are not dischargeable under 11 U.S.C. §523(a)(2);

5 and,

6

7 *On the Second Cause of Action*:

8        2.     That the Court enter an Order determining that PYLE's indebtedness to

9 CAMPBELL arising from the loans identified above and the resulting lawsuit *Ian Campbell*

10 *vs. Glen Pyle, Trustee of the PYLE TRUST and Glen Pyle, Individually* (Los Angeles

11 Superior Court Case No. BC 416 442 are not dischargeable under 11 U.S.C. §523(a)(4);

12 and,

13 *On the Third Cause of Action*:

14        3.     That the Court enter an Order determining that PYLE is not entitled to a

15 discharge under 11 U.S.C. §727;

16 *On the Fourth Cause of Action:*

17        4.     That the Court enter an Order determining that PYLE is the alter ego of the

18 PYLE TRUST, and

19        5.     That a temporary restraining order be granted to Plaintiff enjoining and

20 restraining Defendant PYLE as Trustee of the PYLE TRUST and his, its, their

21 representatives, attorneys and agents from selling, transferring, conveying or otherwise

22 disposing of any of the property owned by said TRUST.

23        6.     For attorney's fees, as provided for by the Agreement dated July 16, 2005;

24        7.     For costs of suit and,

25        8.     For such other and further relief as the Court deems just and proper to the

26 extent allowed by law.

27

28

---

1  Dated: January 30, 2019

2

3                                        LAW OFFICE OF BARRY P. KING

4

5                                        By: _Barg P. hig_____

6                                        Barry P. King
                                         *Attorney for Plaintiff*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         13

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 232 North Canon Drive, First Floor, Beverly Hills California 90210.

     On February 20, 2019, I served the foregoing document(s) described as:

THIRD AMENDED COMPLAINT FOR NON-DISCHARGEABILITY AND/OR TO DENY BANKRUPTCY DISCHARGE; ALTER EGO; AND FOR DAMAGES

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

See following page

  X   (BY MAIL) In accordance with the regular mail collection and processing practices of this business office, with which I am familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope for collection and mailing on this same date following ordinary business practices.

  X   (BY PERSONAL SERVICE)

     ___ By personally delivering copies to the person served
     ___ I delivered such envelope by hand to the offices of the addressee pursuant to C.C.P. Section 1011.
     ___ I caused such envelope to be delivered by hand to the office of the addressee, either by overnight delivery via Federal Express or by local courier.
     _X_ I caused such envelope to be delivered to the office of the addressee, either by **electronic mail** or facsimile machine. proofs of such delivery are attached to this proof of service.

**STATE**
  X   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 20, 2019, at Los Angeles, California.

**FEDERAL**
  ___   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on _____ at Los Angeles, California.

BARRY P. KING

[Courtesy Copy]
Leonard Peña
Peña & Soma, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Tel (626) 396-4000
     (626) 396-9022 (Direct)
Fax (213) 291-9102
Email lpena@penalaw.com

[Courtesy Copy]
Glen Pyle Individually, Glen E. Pyle Irrevocable Trust c/o
Raymond H. Aver
Law Offices of Raymond H. Aver, APC
10801 National Blvd Ste 100
Los Angeles, CA 90064
Tel (310) 571-3511
Fax  (310) 473-3512
Email: ray@averlaw.com

Glen Pyle, *In Pro Se*
25226 Vermont Drive
Santa Clarita, CA 91321-2434

BY USPS PRIORITY MAIL EXPRESS
EK 819949346 US

and per further request:

gleneplye@hotmail.com / glenpyle@hotmail.com

[Courtesy Copy]
Marc H. Berry, Esq
PO Box 800456, Santa Clarita, CA 91380

berryfamilylaw@aol.com